NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1285
_____

UNITED STATES OF AMERICA

v.

ANTONIO SHAW,

Appellant

_____

On Appeal from the United States
District Court for the Eastern District of Pennsylvania
(Crim. No. 2-18-cr-00147-001)
District Judge: Hon. Harvey Bartle, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*.

(Opinion Filed: September 15, 2021)

_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*.

Antonio Shaw appeals his conviction and sentence for assault with a dangerous weapon under 18 U.S.C. § 113(a)(3).[1]  We conclude that the jury's verdict below is supported by sufficient evidence, but that his sentence must be vacated in light of the Supreme Court's decision in *Borden v. United States*.[2]

**I.**

While being held at a detention center, Shaw was attacked by a group of other inmates, including Adiezel Perez-Rosario.  The group tried to pull Shaw into a cell, and Shaw claims that one of the inmates threatened to kill him.  Shaw broke free and ran back to his cell, which was on a different floor from the one where his attackers were located.  Shaw then decided that he would be safer in the prison's common area, so he left his cell.  At the time, Shaw had a pencil with him, apparently so that he could take notes during a phone call.  While in the common area, Shaw saw Perez-Rosario and the other inmates moving toward him.  One of those inmates had a "prison weapon" in the form of a "lock

---

[1]    The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  The parties dispute whether we review Shaw's conviction challenge *de novo* or for plain error.  Shaw's claim fails under either standard.  *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (explaining that a verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

[2]    141 S. Ct. 1817 (2021).

in a sock."[3]  As the inmates moved near Shaw in the common area, he attacked Perez-Rosario with the pencil, stabbing him 11 times.

Shaw was charged with assault with a dangerous weapon for the stabbing.[4]  The jury found him guilty at trial, rejecting his claim of self-defense.  Because Shaw had previously been convicted of assault with a dangerous weapon in the District of Columbia,[5] he was sentenced as a "career offender" under § 4B1.2 of the U.S. Sentencing Guidelines.  On the basis of that enhancement and other factors, the Guidelines recommended a sentence of 100 to 120 months in prison.

The District Court sentenced Shaw to 108 months followed by three years of supervised release.  Shaw appealed his conviction and sentence, and we held the case *curia advisari vult* pending the Supreme Court's decision in *Borden*.  In *Borden*, the Court concluded that crimes with a mens rea of "recklessness"—like Shaw's prior assault conviction in D.C.—are not "violent" felonies;[6] therefore, such crimes cannot qualify a defendant for career-offender status.  The Government concedes that Shaw's sentence must

---

[3]  Appellant's Br. at 5 (citing App. 58, 68, 169).

[4]  *See* 18 U.S.C. § 113(a)(3).

[5]  *See* D.C. Code § 22-402.

[6]  *Borden*, 141 S. Ct. at 1821.

be vacated.[7]  We will vacate his sentence and remand, but otherwise affirm Shaw's conviction.

## II.

Shaw first challenges his conviction, arguing that the jury improperly rejected his claim of self-defense.[8]  To prove self-defense, Shaw must show that (1) he was under immediate and unlawful threat of death or serious injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative to the criminal act; and (4) there was a direct relationship between the criminal act and the avoidance of the threatened harm.[9]

Even assuming that Shaw was under threat of serious injury, the jury's verdict is supported by the evidence.  After he broke free, Shaw voluntarily left his cell (which was located on a different floor from the one his attackers were on at the time), armed himself with an improvised weapon, and went to the common area.  From the common area, Shaw

---

[7]  We express no opinion on the other points raised in the Government's response to Shaw's letter filed under Federal Rule of Appellate Procedure 28(j).

[8]  Shaw focuses on the jury's rejection of his self-defense claim, but this is really a sufficiency-of-the-evidence challenge.  In other words, Shaw argues that the jury's verdict is not supported by the record because he proved by a preponderance that he only attacked Perez-Rosario to protect himself.  Regardless of how the argument is framed, the jury did not err in rejecting the self-defense claim, and its verdict is supported by the record for the reasons explained herein.

[9]  *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 365 (3d Cir. 2010) (citing *United States v. Paolello*, 951 F.2d 537, 540-41 (3d Cir. 1991)).

could see the cell his attackers were located in, and he paced back and forth while staring at it. The jury did not err in concluding that Shaw recklessly placed himself in harm's way. Shaw's claim that he had no reasonable alternative to attacking Perez-Rosario is also contradicted by the record. A group of corrections' officers was located just 30 feet away from where Shaw was first attacked. On this record, a rational jury could conclude that Shaw had an opportunity to alert the officers or call for help without initiating violence.

For these reasons, we will affirm Shaw's conviction. But because Shaw no longer qualifies as a "career offender" as his predicate crime involved a *mens rea* of "recklessness," we will vacate his sentence and remand to the District Court.